**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, ET AL.,<br><br>Defendants. | Case No. 1:26-cv-00965-TDS-JGM<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

**<u>MOTION TO INTERVENE AS DEFENDANTS BY REPUBLICAN NATIONAL COMMITTEE AND NORTH CAROLINA REPUBLICAN PARTY</u>**

Pursuant to Fed. R. Civ. P. 24, the Republican National Committee ("RNC") and the North Carolina Republican Party ("NCGOP") (collectively the "Proposed Intervenor Committees") respectfully move this Court for an Order allowing them to intervene ("Motion") as Defendants in the above-captioned lawsuit filed by Plaintiffs North Carolina Alliance for Retired Americans, North Carolina Asian Americans Together, Down Home North Carolina, Vaeme Afokpa, and Raquel Nelson (collectively "Plaintiffs"). Additionally, Proposed Intervenor Committees ask for expedited consideration of their Motion, so that they may timely submit a provisional response to Plaintiffs' Motion for Preliminary Injunction on October 9, 2026, and the Motion may still

be heard on October 14, 2026.

This dispute regarding interpretation of North Carolina's absentee ballot laws began in 2024 with the Request for Declaratory Ruling filed by the Proposed Intervenor Committees against the North Carolina State Board of Elections ("NCSBE"). This ultimately resulted in a Consent Judgment being entered against the NCSBE in December 2025, and the NCSBE thereafter issuing a Declaratory Ruling in February 2026 (1) clarifying its position on certain aspects of absentee ballot law, and (2) providing notice that it would implement those rules for the 2026 General Election. The NCSBE subsequently amended Numbered Memo 2021-03 on September 4, 2026 to bring certain aspects of its guidance to county boards of election into harmony with the February 2026 Declaratory Ruling.

Plaintiffs are now challenging the NCSBE's position by filing this lawsuit over the Numbered Memo. Proposed Intervenor Committees seek an order from the Court allowing them to intervene at the beginning of this lawsuit to continue their advocacy for the correct interpretation and application of North Carolina voting law. Throughout the pendency of this dispute – until now – the NCSBE has been adverse to Proposed Intervenor Committees and, while the parties would now be on the same side of the caption, Proposed Intervenor Committees ask the Court to allow them to

intervene to protect their long-running interests in this dispute which materially differ from those of the various board of elections defendants.

Counsel for Proposed Intervenor Committees has reached out to the parties to obtain their position on the Motion via email, and their positions are:

- Plaintiffs: "Plaintiffs oppose intervention in advance of Wednesday's PI hearing. Please also indicate that Plaintiffs oppose a briefing schedule on your intervention motion that would require our opposition to be due before the hearing. Plaintiffs take no position on intervention after the hearing."
- NCSBE and its members: "The NCSBE Defendants take no position on the Motion to Intervene."
- Durham County BOE and its members: "The Durham County BOE and its board members do not object to your clients' motion."
- Guilford County BOE and its members: "The Guilford County Defendants take no position on the motion."

The Proposed Intervenor Committees are contemporaneously filing a Memorandum in Support of their Motion to Intervene, which sets out in greater detail why their Motion to Intervene should be granted.

Additionally, in accordance with Fed. R. Civ. P. 24(c), attached to this Motion as **Exhibit 1** is a Proposed Answer to Plaintiffs' Complaint. By submitting this Proposed Answer, the Proposed Intervenor Committees do not

waive the right to file a motion seeking dismissal of some or all of Plaintiffs' claims should intervention be granted.

WHEREFORE, Proposed Intervenor Committees respectfully request that this Court enter an order allowing them to intervene as Defendants in the above-captioned matter. Proposed Intervenor Committees also ask the Court for expedited consideration of this Motion, to allow them to submit a provisional response to Plaintiffs' Motion for Preliminary Injunction on October 9, 2026, and to set the Motion for hearing at the Court's October 14, 2026 hearing.

Respectfully submitted, this, the 6th day of October, 2026.


**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

By: /s/ *John E. Branch III*
John E. Branch III
N.C. State Bar No. 32598
jbranch@bakerdonelson.com
Rachel H. Boyd
N.C. State Bar No. 56974
rboyd@bakerdonelson.com
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
Phone: (984) 844-7900

Thomas G. Hooper
N.C. State Bar No. 25571
thooper@bakerdonelson.com
101 South Tryon Street, Suite 3600
Charlotte, NC 28280

Phone: (980) 256-6300

*Attorneys for Proposed Intervenor Committees Republican National Committee and the North Carolina Republican Party*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to all counsel of record who have appeared in this action.

This, the 6th day of October, 2026.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

/s/ *John E. Branch III*
John E. Branch III