# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, ET AL.,<br><br>Defendants. | Case No. 1:26-cv-00965-TDS-JGM |

## INTERVENORS' PROPOSED ANSWER

Proposed Intervenors the Republican National Committee ("RNC") and the North Carolina Republican Party ("NCGOP") (collectively the "Proposed Intervenor Committees") answer Plaintiffs' Complaint as follows:

## FIRST DEFENSE

The Proposed Intervenor Committees answer the specific allegations of Plaintiffs' Complaint as follows:

## "NATURE OF THE ACTION"

1. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 and therefore deny the same.

2. Admitted that the North Carolina General Assembly ("General

Assembly") has delegated certain authority, via statute, to the North Carolina State Board of Elections ("NCSBE"), and such statutes speak for themselves. To the extent any further response is necessary, denied.

3. Denied.

4. Denied.

5. To the extent that Paragraph 5 contains allegations about Numbered Memo 2021-03 in either its current form (the "Numbered Memo"), or prior to the September 4, 2026 changes (the "Prior Numbered Memo"), the Numbered Memo and the Prior Numbered Memo speak for themselves, as do North Carolina's election law statutes, and any allegations inconsistent with the Numbered Memo, the Prior Numbered Memo, and the statutes are denied. To the extent any further response is necessary, denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Proposed Intervenor Committees admit that the cited case speaks for itself. The remaining allegations in Paragraph 12 are denied.

13. Denied.

14. Denied.

## "PARTIES"

15. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and the allegations are therefore denied.

16. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore deny the same.

17. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore deny the same.

18. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore deny the same.

19. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore deny the same.

20. Admitted that the cited statutes and the Numbered Memo speak for themselves. Admitted that revisions to Numbered Memo 2021-03 were

adopted on September 4, 2026. To the extent that any additional response is necessary, denied.

21. Admitted that Defendant Sam Hayes is the Executive Director of the NCSBE, and that the cited statutes speak for themselves.

22. Admitted upon information and belief.

23. Admitted upon information and belief.

24. Admitted upon information and belief.

25. Admitted upon information and belief.

26. Admitted upon information and belief.

27. Admitted that the cited statutes speak for themselves. To the extent any additional response is necessary, denied.

28. Admitted upon information and belief.

29. Admitted upon information and belief.

30. Admitted upon information and belief.

31. Admitted upon information and belief.

32. Admitted upon information and belief.

33. Admitted that the cited statutes speak for themselves. To the extent any additional response is necessary, denied.

34. Admitted upon information and belief.

35. Admitted upon information and belief.

36. Admitted upon information and belief.

37. Admitted upon information and belief.

38. Admitted upon information and belief.

## **"JURISDICTION AND VENUE"**

39. Admitted that the cited statutes and Plaintiffs' allegations speak for themselves. In all other respects, denied.

40. Admitted that this Court has subject matter jurisdiction under the cited statutes, but denied that Plaintiffs are entitled to any relief.

41. The allegations of Paragraph 41 are not directed at the Proposed Intervenor Committees. Therefore, denied.

42. Paragraph 42 contains a legal conclusion to which no response is required. To the extent a further response is required, Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the truth or falsity of the factual allegations and therefore deny the same. To the extent any additional response is necessary, denied.

43. Admitted that this Court has the power to grant declaratory and injunctive relief, but denied that Plaintiffs are entitled to any relief whatsoever, including declaratory and injunctive relief.

## **"STATEMENT OF FACTS AND LAW"**

### **"I. Absentee voting in North Carolina is safe and secure."**

44. Paragraph 44 contains a legal conclusion to which no response is required. To the extent a further response is required, admitted that the cited statutes speak for themselves. In all other respects, denied.

45. Admitted that the cited statistics speak for themselves, although the Proposed Intervenor Committees are without information sufficient to form a belief as to the truth or falsity of the statistics as they were not compiled by Proposed Intervenor Committees. In all other respects, denied.

**"A. Statutory background"**

46. Admitted that the cited statutes speak for themselves. To the extent any other response is necessary, denied.

47. Admitted that the cited statutes speak for themselves. To the extent any other response is necessary, denied.

48. Admitted that the cited statutes speak for themselves. To the extent any other response is necessary, denied.

49. Admitted that the cited statutes speak for themselves. To the extent any other response is necessary, denied.

50. Admitted that the cited statute and Exhibit A to the Numbered Memo speak for themselves. To the extent any other response is necessary, denied.

51. Admitted that the cited statute speaks for itself. To the extent any

other response is necessary, denied

52. Admitted that the cited statute and Exhibit A to the Numbered Memo speak for themselves. To the extent any other response is necessary, denied.

53. Admitted that the cited statute speaks for itself. To the extent any other response is necessary, denied.

**"B. Regulatory background"**

54. Admitted that the cited statute speaks for itself. To the extent any other response is necessary, denied.

55. Admitted that the cited statute speaks for itself. To the extent any other response is necessary, denied.

56. Admitted that the cited statutes speak for themselves. To the extent any other response is necessary, denied.

57. Denied as phrased.

58. Admitted that the cited numbered memo and exhibit thereto speak for themselves. To the extent any other response is necessary, denied.

**"II. The State Board raced to impose new restrictions on absentee voting on the same day that absentee ballots were mailed out for the 2026 general election."**

59. Denied.

60. Denied.

61. Admitted that the cited meeting agenda, meeting documents, and statute speak for themselves. To the extent any other response is necessary, denied.

62. Admitted that the Numbered Memo, the cited recording, and the cited meeting minutes speak for themselves. To the extent any other response is necessary, denied.

63. Proposed Intervenor Committees lack information or knowledge sufficient to admit or deny the allegations of Paragraph 63 and therefore deny the same.

64. Admitted that the cited recording speaks for itself. To the extent any other response is necessary, denied.

65. Admitted that the cited recording speaks for itself. To the extent any other response is necessary, denied.

66. Admitted that the cited recording speaks for itself. To the extent any other response is necessary, denied.

67. Admitted that the cited recording speaks for itself. To the extent any other response is necessary, denied.

68. Admitted that the cited recording and the official actions of the NCSBE speak for themselves. To the extent any other response is necessary, denied.

69. Denied.

70. Admitted that the Numbered Memo speaks for itself. To the extent any other response is necessary, denied.

71. Admitted that the Numbered Memo speaks for itself. To the extent any other response is necessary, denied.

72. Denied.

73. Admitted that the Numbered Memo speaks for itself. To the extent any other response is necessary, denied.

74. Admitted that the Numbered Memo speaks for itself. To the extent any other response is necessary, denied.

75. Admitted that the Prior Numbered Memo speaks for itself. To the extent any other response is necessary, denied.

76. Denied.

77. Denied.

78. Denied upon information and belief.

79. Admitted that the cited recording speaks for itself. To the extent any other response is necessary, denied.

80. Proposed Intervenors lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 and therefore deny the same.

81. Denied.

82. Admitted that the cited statute and Exhibit A to Numbered Memo speak for themselves. In all other respects, denied.

83. Denied upon information and belief.

84. Admitted that the cited Declaratory Ruling speaks for itself. To the extent any other response is necessary, denied.

85. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 and therefore deny the same.

86. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 and therefore deny the same.

87. Admitted that the cited statutes speak for themselves. To the extent any other response is necessary, denied.

**"B. Signature Verification Requirement"**

88. Admitted that the Numbered Memo and Prior Numbered Memo speak for themselves and that the NCSBE. To the extent any other response is necessary, denied.

89. Admitted that the Prior Numbered Memo speaks for itself. In all other respects, denied.

90. Admitted that the cited cases speak for themselves. In all other respects, denied. To the extent any other response is necessary, denied.

91. Admitted that the Numbered Memo speaks for itself. To the extent any other response is necessary, denied.

92. To the extent that Paragraph 92 is quoting from the Prior Numbered Memo, the Prior Numbered Memo speaks for itself. To the extent any other response is necessary, denied.

93. Denied.

94. Denied.

95. Admitted that the Numbered Memo speaks for itself. In all other respects, denied.

96. Admitted that the cited cases speak for themselves. In all other respects, denied.

97. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 (which describe Plaintiffs' opinion about handwriting analysis) and therefore deny the same.

98. Admitted that the cited internet article speaks for itself. In all other respects, denied.

99. Denied that the Numbered Memo puts into place a signature

matching requirement. Admitted that the cited report and news article speak for themselves. In all other respects, denied.

100. Admitted that the cited statutes speak for themselves. In all other respects, denied.

101. Admitted that the cited report speaks for itself. In all other respects, denied. The remaining allegations in Paragraph 101, if any, are denied.

102. Denied.

**"C. Voters will almost certainly suffer disenfranchisement because of the challenged provisions."**

103. Admitted that the Numbered Memo speaks for itself. To the extent any further response is necessary, denied.

104. Admitted that the Numbered Memo speaks for itself. To the extent any further response is necessary, denied.

105. Admitted that the Numbered Memo and the cited statute speak for themselves. To the extent any further response is necessary, denied.

106. Admitted that the Numbered Memo speaks for itself. To the extent any further response is necessary, denied.

107. Admitted that the cited websites speak for themselves. To the extent any further response is necessary, denied.

108. Admitted that the Numbered Memo speaks for itself. To the extent

any further response is necessary, denied.

109. Admitted that the cited Numbered Memo and exhibits thereto, S.L. 2026-60, and statute speak for themselves. To the extent any further response is necessary, denied.

110. Admitted that the cited press release speaks for itself. To the extent any further response is necessary, denied.

111. Admitted that North Carolina law provides a deadline of 7:30 p.m. on Election Day for the return of mail-in absentee ballots. To the extent any further response is necessary, denied.

112. Proposed Intervenor Committees lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112. To the extent a further response is required, denied.

**"IV. Defendants' enforcement of the challenged provisions will injure Plaintiffs, their members, and their constituents."**

113. Denied.

114. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 114 and therefore deny the same.

115. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 115 and therefore deny the same.

116. Denied that the Organizational Plaintiffs are at risk of disenfranchisement. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 116 and therefore deny the same.

117. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 117 and therefore deny the same.

118. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 118 and therefore deny the same.

119. Admitted that the cited cases speak for themselves. In all other respects, denied.

120. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 120 and therefore deny the same.

121. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 121 and therefore deny the same.

122. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the allegations in Paragraph 122 and therefore

deny the same.

123. Admitted that the cited cases speak for themselves. In all other respects, denied. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 123 and therefore deny the same.

**"<u>CAUSES OF ACTION</u>**

**<u>COUNT I</u>**
**Violation of Materiality Provision of the Civil Rights Act of 1964**
**(Sealing Requirement)**
**52 U.S.C. § 10101(a)(2)(B), 42 U.S.C. § 1983"**

124. Proposed Intervenor Committees incorporate their responses to the foregoing paragraphs as if set forth fully herein.

125. Admitted that the cited statute speaks for itself. In all other respects, denied.

126. Admitted that the cited statute speaks for itself. In all other respects, denied.

127. Paragraph 127 contains a legal conclusion to which no response is required. To the extent a further response is required, Proposed Intervenor Committees admit that the cited cases and statutes speak for themselves. In all other respects, denied.

128. Denied.

129. Denied.

130. Denied.

131. Admitted that the cited memoranda and prior numbered memo speak for themselves. In all other respects, denied.

132. Denied.

**"COUNT II**
**Denial of Procedural Due Process**
**(Sealing Requirement and Signature Verification Requirement)**
**U.S. Const. amend. XIV, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202"**

133. Proposed Intervenor Committees incorporate their responses to the foregoing paragraphs as if set forth fully herein.

134. Admitted that the cited constitutional provision speaks for itself. In all other respects, denied.

135. Admitted that the cited case speaks for itself. In all other respects, denied.

136. Admitted that the cited cases speak for themselves. In all other respects, denied.

137. Admitted that the cited case speaks for itself. In all other respects, denied.

138. Admitted that the cited case speaks for itself. In all other respects, denied.

139. Denied.

140. Admitted that the cited case speaks for itself. In all other respects,

denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Admitted that the cited case speaks for itself. In all other respects, denied.

146. Proposed Intervenor Committees lack information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 146 and therefore deny the same.

147. Denied.

148. Admitted that the cited case speaks for itself. To the extent any additional response is necessary, denied. Proposed Intervenor Committees incorporate their responses to the paragraphs related to Count IV as if set forth fully herein.

**"COUNT III**
**Denial of Equal Protection**
**(Sealing Requirement and Signature Verification Requirement)**
**U.S. Const. amend. XIV, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202"**

149. Proposed Intervenor Committees incorporate their responses to the foregoing paragraphs as if set forth fully herein.

150. Admitted that the cited constitutional provision speaks for itself.

In all other respects, denied.

151. Admitted that the cited cases speak for themselves. In all other respects, denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

**"<u>COUNT IV</u>**
**Undue Burden on the Right to Vote**
**(Sealing Requirement and Signature Verification Requirement)**
**U.S. Const. amends. I & XIV, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202"**

160. Proposed Intervenor Committees incorporate their responses to the foregoing paragraphs as if set forth fully herein.

161. Admitted that the cited case speaks for itself. In all other respects, denied.

162. Admitted that the cited constitutional provisions and cases speak for themselves. In all other respects, denied.

163. Admitted that the cited cases speak for themselves. In all other

respects, denied.

164. Admitted that the cited case speaks for itself. In all other respects, denied.

165. Admitted that the cited cases speak for themselves. In all other respects, denied.

166. Admitted that the cited cases speak for themselves. In all other respects, denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

## FIRST DEFENSE

Proposed Intervenor Committees deny that Plaintiffs are entitled to any relief whatsoever.

## SECOND DEFENSE

Any allegations in paragraphs 1-173 of the Complaint not specifically admitted are denied.

**THIRD DEFENSE**

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted and thus should be dismissed

**FOURTH DEFENSE**

Plaintiffs' claims should be dismissed to the extent Plaintiffs lack standing.

**FIFTH DEFENSE**

Plaintiffs' claims should be dismissed to the extent they are not ripe.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the doctrines of laches, wavier, unclean hands, or estoppel.

**SEVENTH DEFENSE**

Plaintiffs' claims should be dismissed to the extent they are barred by the doctrines of res judicata or collateral estoppel.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by additional affirmative or other defenses that may arise during these proceedings, which cannot be determined at this time without the benefit of discovery. Proposed Intervenor Committees reserve the right to amend this Answer and assert any

and all additional affirmative or other defenses as they may become known during or at the conclusion of discovery or pursuant to a scheduling order.

## PRAYER FOR RELIEF

WHEREFORE, Proposed Intervenor Committees respectfully request that:

1. Plaintiffs' Complaint be dismissed with prejudice and that judgment be entered for the Defendants on all claims;

2. Proposed Intervenor Committees be awarded their attorneys' fees and costs; and

3. Proposed Intervenor Committees be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted, this, the 6th day of October, 2026.


**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

By: /s/ *John E. Branch III*

John E. Branch III
N.C. State Bar No. 32598
jbranch@bakerdonelson.com
Rachel H. Boyd
N.C. State Bar No. 56974
rboyd@bakerdonelson.com
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
Phone: (984) 844-7900

Thomas G. Hooper
N.C. State Bar No. 25571
thooper@bakerdonelson.com
101 South Tryon Street, Suite 3600
Charlotte, NC 28280
Phone: (980) 256-6300

*Attorneys for Proposed Intervenor Committees Republican National Committee and the North Carolina Republican Party*