**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| North Carolina Alliance for Retired Americans, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>North Carolina State Board of Elections, *et al*.,<br><br>Defendants. | **Case No. 1:26-cv-00965-TDS-JGM** |

# PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO INTERVENE AS DEFENDANTS BY REPUBLICAN NATIONAL COMMITTEE AND NORTH CAROLINA REPUBLICAN PARTY

## INTRODUCTION AND STATEMENT OF FACTS

The State Board rushed to adopt revised Numbered Memo 2021-03 on September 4, 2026, the very same day that North Carolina's county boards began mailing absentee ballots to voters. Plaintiffs filed this action challenging the revised Numbered Memo under the U.S. Constitution and the Civil Rights Act of 1964 on September 22. ECF No. 1. They moved for a preliminary injunction on September 28. ECF No. 5. On October 1, the Court set an expedited briefing schedule and hearing on Plaintiffs' motion. ECF No. 34. That schedule gives Plaintiffs an extremely short window—three days—to prepare a reply to responses by three separate groups of Defendants, with a hearing to follow two days later.

Despite this expedited schedule, the Republican National Committee and North Carolina Republican Party (the "Republican Movants") inexplicably waited until the week before the hearing to seek intervention. *See* ECF No. 47. This delay significantly prejudices Plaintiffs, leaving them with minimal time to prepare an opposition to the motion to intervene, and, if the motion to intervene is granted, will mean that they will need to respond to *four* opposition briefs in only three days.

Courts "are not faced with an all-or-nothing choice between grant or denial: Rule 24 also provides for limited-in-scope intervention." *United States v. City of Detroit*, 712 F.3d 925, 931 (6th Cir. 2013); *see also* Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment ("[I]ntervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."). In this particular case, where the Republican Movants have offered no

reason—much less any valid reason—for their delay, the Court should not permit them to participate in the preliminary injunction proceedings. Plaintiffs take no position on whether the Republican Movants should be allowed to intervene for the purpose of future proceedings in this matter.

## LEGAL STANDARD

"A party seeking to intervene under either Federal Rule of Civil Procedure 24(a) or 24(b) may do so only upon the filing of a 'timely motion.'" *Alt v. EPA*, 758 F.3d 588, 591 (4th Cir. 2014) (quoting Fed. R. Civ. P. 24(a), (b)); *see also Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) ("[T]imeliness is a cardinal consideration of whether to permit intervention.") (internal quotation marks omitted).

A movant seeking to intervene under Rule 24(a) must also "have an interest in the subject matter of the underlying action," show that "the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest," and demonstrate that its "interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co.*, 193 F.3d at 839 (citing Fed. R. Civ. P. 24(a)). A movant seeking permissive intervention under Rule 24(b) must, in addition to filing a timely motion, show that its claims or defenses "have a question of law or fact in common with the main action" and that "intervention must not result in undue delay or prejudice to the existing parties." *Democracy N.C. v. Hirsch*, 345 F.R.D. 147, 151 (M.D.N.C. 2023) (Schroeder, J.).

## ARGUMENT

The Republican Movants' motion to intervene "fail[s] to satisfy the threshold timeliness requirement" for the purposes of the preliminary injunction proceedings and must be denied at this stage on that basis. *Alt*, 758 F.3d at 591. To assess timeliness, a trial court in this Circuit considers "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Id.* Each consideration weighs against Republican Movants' intervention in advance of the preliminary injunction hearing.

### I. The case has already progressed significantly into the preliminary injunction phase.

The parties are just days away from completing briefing on Plaintiffs' motion for preliminary injunction. Defendants' responses to the motion are due today, and Plaintiffs' reply is due in three days, on October 12. This Court will hold a hearing two days later. Briefing on the preliminary injunction motion has thus nearly concluded, rendering the motion to participate in that hearing untimely.

In similar circumstances, courts have properly denied intervention to avoid prejudice to the parties in early emergency proceedings, even if they may permit intervention for future proceedings in the matter. *See Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 168 (5th Cir. 1993) (affirming denial of motion to intervene filed two days before a preliminary injunction hearing but permitting movant "to seek to intervene at some future date"); *Acrisure of Cal., LLC v. Papazyan*, No. 1:26-CV-1213, 2026 WL 2065811, at *5 (W.D. Mich. May 26, 2026) (denying motion to intervene as untimely where "the

parties were already briefing the preliminary injunction motion on [an] expedited timeline"); *Pharm. Rsch. & Mfrs. of Am. v. Comm'r, Dep't of Hum. Servs.*, 201 F.R.D. 12, 13 (D. Me. 2001) (holding motion to intervene untimely as to preliminary injunction issues but timely as to future proceedings); *Harlem Valley Transp. Ass'n v. Stafford*, 360 F. Supp. 1057, 1066 n.11 (S.D.N.Y. 1973) (denying motion to intervene for purposes of pending motion for preliminary injunction without prejudice to later renewal).

Republican Movants' only defense of the timeliness of their motion is to note that the case has not progressed past the pleading stage, but that fails to justify their participation in the *preliminary injunction stage*—which Plaintiffs told Republican Movants was the source of their opposition. *See* Mot. to Intervene at 3, ECF No. 47 (stating Plaintiffs' position). Thus, "[w]hile the *age* of this case would seemingly tip in [Movants'] favor, the stage of the litigation does not." *Acrisure*, 2026 WL 2065811, at *5. Regardless of whether the Court ultimately grants intervention for future stages of the case, intervention for purposes of the preliminary injunction motion and hearing is untimely.

## II. Intervention in the preliminary injunction proceedings would be prejudicial.

Adding another party to the preliminary injunction proceedings at this late stage in those proceedings will inflict serious prejudice on Plaintiffs. The Court issued an order on October 1 setting a briefing schedule for Plaintiffs and three sets of Defendants. Now, the Republican Movants seek to inject themselves in the case, potentially forcing Plaintiffs to respond to a fourth opposition brief in the span of three days. Because the Republican Movants waited to move to intervene until after the schedule for the preliminary injunction

motion was set, neither the Court nor the parties were able to account for the participation of a fifth set of parties.

The Fourth Circuit has recognized that impermissible prejudice results where an intervention would "require[] the plaintiffs to expend extra effort," particularly in light of upcoming briefing deadlines and word limits. *Alt*, 758 F.3d at 591.[1] Given the briefing schedule and this District's local rules, Plaintiffs have limited time and briefing space to address three sets of Defendants' arguments as to multiple claims under federal statutory and constitutional law. If the Republican Movants' briefing is duplicative of Defendants' arguments, then their intervention is unnecessary. And if they introduce entirely new defenses, then the prejudice to Plaintiffs will be exacerbated by the need to respond on such a condensed timeline. Either way, the Republican Movants' "participation would needlessly complicate this litigation, 'consuming additional resources of the court and the parties,' without any corresponding benefit." *Green v. Bell*, No. 3:21-CV-00493-RJC-DCK, 2023 WL 2572210, at *7 (W.D.N.C. Mar. 20, 2023) (quoting *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013)). Especially where three separate Defendant groups are "zealously pursuing the same ultimate objectives" as the Republican Movants—who admit they are no longer adverse to the State Board, ECF No. 47 at 2—"their intervention is likely only to result in duplicative briefing" that "would 'unduly delay' the 'adjudication of the

[1] On October 8, the Court granted Plaintiffs' request to enlarge the word limit for their reply brief to 5,000 words.

original parties' rights,'" *Green*, 2023 WL 2572210, at *7 (quoting Fed. R. Civ. P. 24(b)(3)).

**III. The Republican Movants have not justified their delay.**

The Republican Movants provide no explanation whatsoever for their decision to wait to move to intervene until two weeks after Plaintiffs filed the complaint, more than a week after Plaintiffs moved for a preliminary injunction, and five days after this Court entered an expedited briefing schedule. The only interests in this litigation that the Republican Movants assert are that (1) this litigation may affect strategic campaign decisions and (2) the Republican Movants previously disagreed (but now agree) with the State Board about the legal rules at issue. *See* ECF No. 48 at 11. They were surely aware of these purported interests when Plaintiffs filed their complaint and when Plaintiffs moved for a preliminary injunction, yet they provide no reason why they delayed in seeking to intervene.

**CONCLUSION**

The Court should deny the Republican Movants' untimely request to intervene in proceedings related to Plaintiffs' motion for preliminary injunction.

Dated: October 9, 2026

Respectfully submitted,

/s/ *Aria C. Branch*
Aria C. Branch*
Lalitha D. Madduri*
Jacob D. Shelly*
Harleen K. Gambhir*

Desiree Pelletier**
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue, N.W., Suite 400
Washington, D.C. 20001
Telephone: (202) 948-1135
abranch@elias.law
lmadduri@elias.law
jshelly@elias.law
hgambhir@elias.law
dpelletier@elias.law

** Notice of Special Appearance Filed*
*** Notice of Special Appearance Forthcoming*

Narendra K. Ghosh
N.C. Bar No. 37649
**PATTERSON HARKAVY LLP**
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
Telephone: (919) 942-5200
nghosh@pathlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF WORD COUNT

I hereby certify that this Brief complies with Local Rule 7.3(d)(1) in that it does not exceed 6,250 words in length, including the body of the brief, headings, and footnotes.

This the 9th day of October, 2026.

/s/ *Aria C. Branch*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system and thereby delivered to all counsel of record.

This the 9th day of October, 2026.

/s/ *Aria C. Branch*